CARMEN ESCUDERO Y CABALLERO VDA. DE ANGELET, demandante
y apelada, *v.* TOMÁS GONZÁLEZ, demandado y apelante.

No. 5893.—*Sometido:* Noviembre 16, 1932.   *Resuelto:* Diciembre 12, 1932.

*E. Campillo* y *A. Quirós Méndez,* abogados del apelante;   *J. P. Miranda,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del
tribunal.

Se trata de un caso de desahucio.   En la demanda se alega
que la demandante es dueña de una finca urbana, casa con
su solar, situada en la Calle ''Europa'', de Melilla, Santurce,
y que el 9 de febrero de 1931 el demandado, sin el consentimiento de la demandante y contra su voluntad, sin que mediara contrato alguno, ni pago de canon o merced, ocupó como
vivienda la indicada casa.

Contestó el demandado negando los hechos de la demanda.
Como materia nueva de oposición alegó que en efecto ocupa
la casa, pero lo es mediante el pago de veinte dólares mensuales que satisface al dueño de la misma Emilio Cuadra
por mediación de su administrador La O. Flores.

Señalada la vista del pleito para el 12 de marzo de 1931
sólo compareció la parte demandante que practicó su prueba.

La corte el mismo día dictó sentencia declarando la demanda con lugar.

Aparece luego de la transcripción una "moción de reconsideración" presentada por el demandado el propio día 12 de marzo de 1931. En ella se alega que la falta de comparecencia del demandado se debió a haber creído su abogado que el juicio se había señalado para las diez de la mañana en vez de para las nueve.

La corte el 20 de marzo, 1931, resolvió como sigue:

"Vista la moción de reconsideración que radica el demandado en este caso y el *affidavit* de mérito que a la misma se acompaña, se declara la misma con lugar y se ordena la comparecencia de las partes el día 27 de marzo a las 9:00 de la mañana para que el demandado practique la prueba que a bien tenga, dejando entre tanto en suspenso la sentencia dictada en este caso hasta que el Tribunal resuelva la moción de reconsideración."

Comparecieron en efecto las partes en el día señalado y el demandado practicó su prueba. Juzgando el mérito de la misma, la corte, el 31 de marzo, 1931, dictó una resolución cuya parte dispositiva expresa:

"Se declara sin lugar la moción de reconsideración presentada por el demandado con fecha 12 de marzo de 1931, y se restituye en toda su fuerza y eficacia la sentencia de la misma fecha que dictáramos en este caso, pero entendiéndose que los efectos de la misma empezarán a contarse desde el día de la notificación."

Notificó el secretario al demandado el 2 de abril siguiente y el demandado el 6 del propio mes apeló. Su escrito dice:

"El demandado, por medio de su abogado que suscribe, pone en conocimiento de Ud., que no estando conforme con la sentencia dictada en el caso arriba expresado y registrada el día 20 del cte. mes, cuyos efectos empiezan a contarse desde el día 2 de abril de 1931, en que fué notificada a esta parte, apela de ella para ante el Tribunal Supremo de Puerto Rico."

En su alegato señala la apelante la comisión de tres errores cometidos a su juicio por la corte al apreciar la prueba de la parte demandada.

■ La parte apelada sostiene como cuestión previa que no cabe considerar los errores del apelante porque aquí se apeló de la sentencia de 12 de marzo, 1931, y no de la resolución de 31 de marzo, 1931.

Por más que no consideramos desprovista de fundamento la contención de la apelada, opinamos que debe declararse sin lugar atendidas todas las circunstancias que concurren. A virtud de la moción titulada de reconsideración la corte abrió el caso de nuevo y permitió la práctica de la prueba del demandado. Luego no se limitó a desestimar la moción sino que pesó la prueba practicada y a virtud de ello consideró que debía subsistir su anterior sentencia "pero entendiéndose que los efectos de la misma empezarán a contarse desde el día de la notificación." Y conocemos cómo y cuándo se interpuso el recurso.

La corte debió haber dejado sin efecto su anterior sentencia ya que abrió el caso de nuevo y haber dictado otra basada en las alegaciones y las pruebas de ambas partes, pero como de hecho fué lo que hizo, creemos que en bien de la justicia procede considerar y resolver el recurso tomando por base todo lo que tuvo ante sí la corte al dictar su última resolución.

■ Analicemos la prueba. La de la demandante consistió en su declaración y en la escritura pública otorgada ante el notario Monserrat por Urrutia, márshal del distrito de San Juan, a favor de la demandante, el 26 de agosto de 1929.

Declarando dijo la demandante que era dueña de la casa descrita en la demanda, que no conocía al demandado que vive su casa sin haber celebrado con ella contrato alguno. La escritura, que fué inscrita en el registro de la propiedad, el 6 de septiembre de 1929, acredita la venta de la casa y solar de que se trata hecha por el márshal a nombre de doña Rosario Mojica y sus menores hijos en el ejecutivo hipotecario que contra doña Rosario y sus hijos siguiera la demandante.

La prueba del demandado consistió también en su propia declaración y en una escritura pública. Declaró además otro testigo, La O. Flores, que dijo que la finca en cuestión es de Emilio Cuadra y él la administra, y como administrador la alquiló al demandado por veinte dólares mensuales; que intervino en el ejecutivo hipotecario en que se adjudicó la finca a Cuadra, yendo con él el márshal el 15 de enero—no expresa el año—y ordenando a las personas que vivían la casa que la desalojaran dentro de quince días. Las personas lo hicieron antes y tomó posesión de la finca para Cuadra.

La declaración del demandado está conforme con la del administrador. La escritura aparece otorgada ante el notario Enrique Campillo el 3 de enero de 1931. Consta inscrita como sigue en el registro: "Inscrito el solar a que se refiere este documento, con vista de otro . . ." El documento se otorgó por el márshal Náter a nombre y representación de la demandante en el ejecutivo hipotecario seguido finalmente contra ella en el cual se vendió en pública subasta el solar en cuestión, sin hacerse mención expresa a la casa.

Juzgando esa prueba dijo la corte en su resolución de 31 de marzo de 1931:

"De la prueba de la parte demandada aparece que realmente una tercera persona es dueña del solar en donde radica la casa que es objeto de este procedimiento, y si bien aparece de la escritura presentada por el demandado tal circunstancia, no se destruye, sin embargo, la presunción de que es dueño del suelo aquél que lo es de lo edificado sobre él.

"Dada la naturaleza especial del procedimiento sumario de desahucio, no son válidas las defensas que interpone el demandado en este caso, toda vez que nada impedía que la parte realmente interesada en las mismas compareciera o interviniera en alguna forma en este procedimiento"

Los tres errores señalados por el apelante en su alegato se formulan así:

"1.—La Corte cometió error al declarar que aun cuando una tercera persona era realmente dueña del solar en donde radica la casa

que es objeto del procedimiento, no se destruye, sin embargo, la presunción de que es dueño del suelo aquél que lo es de lo edificado sobre él.

"2.—La Corte cometió error al no considerar que existía un conflicto de títulos entre la demandante y el arrendador del demandado.

"3.—La Corte cometió error al considerar no válidas las defensas que interpuso el demandado, toda vez que nada impedía que la parte realmente interesada en las mismas, compareciera o interviniera en alguna forma en este procedimiento."

La parte apelada admite que la corte erró al establecer la presunción a que se refiere el primer error, pero sostiene que el error no fué perjudicial. Para apreciar bien su posición parece conveniente transcribir de su alegato lo que sigue:

"De acuerdo con la prueba practicada en la segunda comparecencia, parece existir en realidad un conflicto de títulos entre la demandante y Emilio Cuadra, con respecto a la propiedad que se describe en la demanda, y estamos conformes también con el demandado que si sólo se relacionara la causa de acción de la demandante con la posesión del solar, indudablemente que la corte hubiera cometido el error apuntado, pero existe otra cuestión de hecho y de derecho importantísima.

"Sobre el solar descrito en la demanda y contestación existe una casa propiedad de la demandante, cuyo título ni está ni ha estado nunca en discusión, ni se alega nada en la contestación con respecto a la posesión o propiedad de la misma.

"La demandante alega que el demandado Tomás González, ocupa como vivienda la dicha casa, y solicita de la Corte se decrete el desahucio del demandado, es decir, que prohiba al demandado ocupar como vivienda dicha finca.

"*      *      *      *      *      *      *

"Por la parte apelante se ha dicho, que el dueño del terreno es dueño de todo lo que está enclavado en él, porque lo accesorio sigue a lo principal.

"*      *      *      *      *      *      *

"Doña Carmen Escudero, compró en virtud de subasta judicial el solar y la casa que en él enclava y posteriormente el señor Cuadra, también en venta judicial compró el solar que era propiedad de doña Carmen Escudero, pero no la casa, que ni se mencionó ni se vendió en el procedimiento ejecutivo hipotecario que dió origen a la subasta donde nació el título del señor Cuadra, por la sencilla razón,

· de que cuando se constituyó la hipoteca no existía la casa que hoy enclava en el solar ejecutado y por lo tanto no estaba sujeto a la obligación hipotecaria exigida.''

Basta la mera exposición de los anteriores hechos y consideraciones para concluir que surgen en este caso cuestiones cuya resolución no es pertinente dentro de un juicio sumario de desahucio. En tal virtud, la demanda debió haber sido declarada sin lugar.

*Procede en su consecuencia la revocación de la sentencia apelada dictándose otra en el sentido indicado, sin especial condenación de costas.*